### WILLIAM F. DAVIDSON, ET AL., v. TRUSTEES OF CATLETTSBURG.

Towns—Power to Contract.
    Where property owners stand by and see the town trustees let a contract for a public improvement and the labor performed and the work paid for by the town, they may not then question the power of the trustees to contract for the town.

APPEAL FROM BOYD CIRCUIT COURT.

February 15, 1876.

OPINION BY JUDGE PRYOR:

Conceding the original petition as in the name of those not interested in the litigation, there was no objection to filing the amended pleading making the real party in interest plaintiff, and that is the only question presented on the demurrer to the pleading as amended. The amended petition contains a statement of facts that, if true, authorized the recovery. The board of trustees, by virtue of the charter, were clothed with the general power to make such contracts as were necessary for the welfare of the city, such as grading streets, and providing a way accessible to the wharf and other places of landing on the bank of the river upon which the city is located. The appellants and appellees were both interested in the improvement of the streets and wharf, and engaged in this common enterprise, that when completed must necessarily result in much benefit to both parties, and from which partial benefits have already been derived.

The board of trustees ratified the written contract by spreading it upon the records of the board, and directing the execution of the work, and not only so, but after the work had commenced it was thought advisable to let the contract for its execution to the lowest bidder. The city, by the issual of its bonds, paid for the improvement. Nor is it necessary to inquire into the validity of the action of the board of trustees upon the facts contained in the record. The contract was entered into, and the money of the city expended by reason of it. The money thus expended not only advanced the interests of the city, but improved the appellants' property, one of them being the owner of the franchise and the other enjoying its use.

It is now too late for them, after this money has left the city treasury, by reason of the contract, and been applied to the improvement of appellants' property, to say that the action of the board was illegal. The testimony shows that Soupine was authorized to execute the contract for Davidson, and not only so, but that the latter afterwards approved it. It also appears that Soupine was present when the work was assigned to the lowest bidder, and sanctioned the action of the trustees and Davidson after his expressed willingness to comply with his part of the contract. That the work is not complete or has been abandoned constitutes no defense to the action. Benefits have resulted to both parties from the work already done, and it is as much the duty of the appellants to progress with the

work as it is that of the city. The money was certainly paid for this work by the appellees. The parties stood by and saw by whom the labor was performed, as well as the manner in which it was executed; and a want of power on the part of the trustees to contract for the town constitutes no defense for appellants when the money of the town has been actually expended for their benefit.

The burden of proof, however, was on the appellees to show the amount of money paid by the city under the contract. The testimony of Spencer as to the amount paid is a mere impression. He says his impression is that it was over eight hundred dollars. Merrill, the town treasurer, states that he does not know the number of bonds given Keister, but thinks there was six of these bonds paid. This is all the proof in relation to the payment of bonds or the number recorded by Keister. It was an easy matter for appellee to have shown how much was paid, and it being incumbent on the city to make this fact appear, the chancellor, instead of fixing the amount based alone on the impression of Spencer, should have been governed by the statement of the treasurer as to the amount paid, viz.: six hundred dollars; and in this regard the judgment is erroneous. The answer of appellant only claims a credit of $240, and this has been allowed as a credit by the judgment. The judgment is *reversed* and cause remanded with directions to enter a judgment against appellants for seven hundred seventeen dollars, with interest from October 10, 1868, and costs, and for further proceedings consistent with this opinion.

*Ireland & Hampton, for appellants.   L. T. Moore, for appellees.*